UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAWN JOHNSON, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
vs. ) Case No.: 1:19-cv-576
　　　　　　　　　　　　　　　　　　　　　)
LIFE INSURANCE COMPANY OF NORTH )
AMERICA, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendant. )

## COMPLAINT

The Plaintiff, Dawn Johnson, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against Life Insurance Company of North America ("LINA") and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Dawn Johnson brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Dawn Johnson is a resident of Anderson, Indiana and a citizen of the State of Indiana.

3. Life Insurance Company of North America ("LINA") is a Pennsylvania company doing business in Indiana.  LINA's principal place of business is in Philadelphia, Pennsylvania.

4. Dawn Johnson is insured under a disability income policy ("disability policy") issued by LINA.

5. Pursuant to the disability policy, LINA promises to pay monthly disability benefit payments in the event Ms. Johnson is unable to work due to illness.

6. Venue in the Southern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

7. Dawn Johnson began working for Greenville Technology, Inc. on August 17, 2015.  On October 20, 2016, Ms. Johnson was forced to stop working because she was involved in a severe motor vehicle accident.  Shortly after the accident, Ms. Johnson began experiencing severe intractable headaches, tinnitus, painful loose teeth, neck pain, rib pain, sternal pain, low back pain, and knee pain.

8. When Ms. Johnson was forced to stop working, she applied for short term disability (STD) benefits offered through Greenville Technology employee benefit plan, which is administered by LINA.  LINA terminated Ms. Johnson's benefits on March 21, 2017.

9. Ms. Johnson appealed LINA's decision on January 17, 2018.  In a letter dated March 13, 2018, LINA denied Ms. Johnson's appeal for STD benefits.

10. On May 15, 2018, Ms. Johnson submitted her long term disability (LTD) claim form to LINA.  Pursuant to the ERISA regulations, LINA had 45 days to issue a written determination.  As of this date, LINA has not issued a written determination on Ms. Johnson's LTD claim.  Under the ERISA regulations, the LTD claim is deemed denied.  Accordingly, the Court shall hear this matter *de novo*.

11. Ms. Johnson has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. Johnson is totally disabled from performing any occupation.

12. Despite this proof, the Defendant refuses to pay Ms. Johnson her STD and LTD benefits.  As a result of the denial of her benefits, Ms. Johnson suffers from serious financial and emotional distress.

## III.  CLAIM FOR RELIEF
## WRONGFUL DENIAL OF EMPLOYEE BENEFITS

13. Paragraphs 1-12 are hereby realleged and incorporated herein by reference.

14. From October 20, 2016, when Dawn Johnson was forced to leave active employment, until the present, Ms. Johnson remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

15. Ms. Johnson provided the Defendant with ample medical evidence to verify her disability under the LINA policy.

16. The Defendant has intentionally and without reasonable justification denied Ms. Johnson's short term and long term disability in violation of the LINA disability policy and ERISA.

WHEREFORE, the Plaintiff, Dawn Johnson, requests that this Honorable Court enter Judgment:

A. Finding that Dawn Johnson is entitled to short term and long term disability and order the Defendant to pay the past due benefits.

B. Finding that Dawn Johnson is entitled to short term and long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Dawn Johnson
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000

Fax: (317) 255-1006
boryan@oryanlawfirm.com